Condit v. Stevenson.

GEORGE CONDIT

v.

ELIZABETH STEVENSON.

1. DECREE—VARIANCE.—Where the original and amended bills sought to set aside, as fraudulent, a deed from Dobbin and wife to James H. and Mary Canniff and George Condit, three persons, while the decree set aside a deed to George Canniff, one person only, and he not a party to either the original or amended bill, and it was claimed the name, George Canniff, in

the decree, was so written by mistake, and it was intended for George Condit. *Held*, that this court has no power on the pleadings to correct the mistake, and the variance as it now stands is material and fatal to the validity of the decree.

2. Same.—Where the amended bill, upon which alone the hearing was had as appears on the face of the decree, sought to set aside a deed conveying lot 20 in block 6, while the decree set aside a deed to lot 21 in block 6, and the statement in the decree of the volume and page of the record where the decree was recorded did not aid the court in identifying the deed as the one sought to be set aside, as this part of the description was not contained in the bill. *Held*, that the decree must be set aside as wholly unauthorized.

Appeal from the Circuit Court of Vermillion county; the Hon. C. B. Smith, Judge, presiding. Opinion filed September 21, 1883.

Mr. W. R. Lawrence, for appellant; that the decree being *pro confesso* only as to the amendment, is erroneous, and if proper at all, it should have been to the whole record, cited 1 Daniell's Chancery Practice, 403.

The court erred in not entering a rule upon appellant to answer, before taking the decree *pro confesso:* 1 Daniell's Ch. Pr. 499, 500, 503.

Mr. William A. Young, for appellee; that the failure to answer amended bill entitled plaintiffs to default and decree *pro confesso* as to the whole bill, cited Trust and Fire Ins. Co. v. Jenkins, 8 Page, R. 589; Jopling v. Stewart, 4 Vesey R. 619.

The court did not err in sustaining the motion to set aside default before entering decree: Schneider v. Siebert, 50 Ill. 289; Norton v. Hixon, 25 Ill. 439; Burge v. Burge, 88 Ill. 164; Smith v. Brittenham, 88 Ill. 291.

When a bill is taken for confessed, the presumption in the Supreme Court is that the court below complied with the prescribed rules, although it does not so appear in the record Grubb v. Crane, 4 Scam. 153.

Higbee, J. This was a creditor's bill filed in the Vermillion Circuit Court, May 16, 1877, against Charles J. Dobbin, Frances A. Dobbin, James H. Canniff, Mary E. Canniff and George Condit, to subject certain land formerly owned by

Charles J. Dobbin, the judgment debtor, to the payment of a judgment held against him by complainant. The bill charged that just before the judgment was rendered, the said Charles J. Dobbin, the judgment debtor, was the owner of lot 21 in block 6 of Short's Addition to Danville, and 44 feet off of the east side of lot 7, in Abdill and Hessey's Addition to said city, and that to defeat the collection of complainant's demand, he, fraudulently and without any valuable consideration therefor, made a pretended conveyance in fee of said premises to James H. Condit, Mary E. Canniff and George Condit.

The defendants answered the bill under oath, claiming that the conveyance was *bona fide* and for a valuable consideration, and denying all fraud with which they were charged. On the 16th day of April, 1881, long after the answers were filed, complainant by leave of the court filed an amended bill, making new parties and re-instating the whole cause of action substantially as stated in the original bill, except as to the description of a part of the property. In the amended bill the fraudulent conveyance of lot 20 in block 6 in Short's Addition to the city of Danville is charged, instead of lot 21 as charged in the original bill.

At the February term, 1883, the original and amended bills were dismissed as to the defendants James H. Canniff, Mary A. Canniff and Joseph Dobbin. The remaining defendants were defaulted on the amended bill, and a final decree rendered without further proof. The decree recites a hearing of the amended bill only, and is not supported by the allegations therein contained. Both the original and amended bills seek to set aside as fraudulent a deed from Dobbin and wife to James H. and Mary Canniff and George Condit, three persons, while the decree sets aside a deed to George Canniff, one person only, and he not a party to either the original or amended bill. It is claimed that the name George Canniff in the decree was so written by mistake, and that it was intended for George Condit. If so this court has no power to correct the mistake, and the variance as it now stands is material and fatal to the validity of the decree.

Again, the amended bill, upon which alone the hearing was had as appears on the face of the decree, seeks to set aside a deed conveying lot twenty (20) in block six (6), while the decree sets aside a deed to lot twenty-one (21) in block six (6).

The statement, in the decree, of the volume and page of the record where the deed was recorded, does not aid us in identifying the deed as the one sought to be set aside, for the reason that this part of the description is not contained in the bill.

The decree sets aside a deed not attacked or sought to be set aside by the amended bill and must be reversed as wholly unauthorized.

Decree reversed and cause remanded.